Rita Perrotti ("Pro-Se")
   Plaintiff
     v.
Michael O. Leavitt, Secretary of the United States Department of Health and Human Services.
   Defendant

Civil Action #05/0126-RGS
HIC # 016.26-9997A
Docket # 999.26-0742

## Answer of Complaint

The Plaintiff (Rita Perrotti) hereby requests a motion to reverse the decision of the Secretary of the U.S. Department of Health and Human Services.

Being that the administrative law record has already been filed by medicare, the basis for this motion is as follows:

(1) - a letter from Congressman Markey (refers to pg 8.)

(2) - Referring to page 71 of the administrative law record, several discrepancies of events are noted.

   a) <u>Paragraph 1</u>: I at no time requested Ann Graves or Michelle McEwen of Spear Memorial Hospital to "send out a letter" to medicare as stated. I was told by medicare however that if Dr. Eppolito sent a letter then the service would be deemed an appropriate transfer and subsequently would be a covered service. When asked Dr. Eppolito verbally refused but did however confirm with Dr Rifflemacher that the transfer was appropriate, and medically necessary.

(Pg 2 cont'd)

b) <u>Paragraph 2</u>:

Spear Memorial Hospital was determined by Medicare to be an appropriate facility. However as the patient, I disagree. I have an extensive cardiac and medical history. Past Medical History as follows:
- Gastroesophageal reflux
- Hypertension
- depression, anxiety
- rapid atrial fibrillation
- Subendocardial myocardial infarction.
- History of venous insuff.
- Osteoarthritis, gastritis
- apical anterior defect with apical hypokinesis
- Status post left hip fracture c̄ repair and internal fixation surgery.
- microcytic anemia,
- Gastrointestinal bleed.
- Hypokalemia

It was only after my daughter Margaret Perrotti (who is a registered nurse) insisted that the Emergency Room draw labwork for possible cardiac injury as well as do an electrocardiogram (EKG.) did they agree. According to the EKG report it was abnormal. They had no prior cardiogram to compare it with, nor did they make an attempt to obtain one from my primary M.D. but we were told by Dr. Eppolito that it was normal.

(Pg. 3 cont'd)

c) Paragraph 3:

First the corrected Hospital name is Lawrence Memorial Hospital not Lawrence General Hospital. Also it was not my daughter that determined that the transfer should take place. The two physicians: Dr. Rifflemacher and Dr. Eppolito both spoke and the decision was made between the physicians based on my past medical History, and what would be in the best interest and safety of the patient. Please refer to M.D. letters on pg. 15, pg. 60, and pg. 69.

d) Paragraph 4:

It was asked of my daughter, Margaret by the Emergency room nurse to call medicare and get prior approval for transfer. Not only is that very poor Hospital policy but after checking with medicare, I was told that they do not give prior approval. Unfortunately Spear Memorial Hospital was not aware of this.

e) Paragraph 5:

Again it was not my daughter, Margaret's decision for the transfer, however the decision was made by the 2 physicians.

f) Paragraph 6:

My daughter and myself both spoke with Cindy in the billing office at Spear Memorial in February when I received the ambulance bill. I was told that all! the bills would be

(pg. 4 cont'd)

Covered by Medicare. In that conversation, we specifically asked about the ambulance charges from Spear Memorial Hospital to Lawrence Memorial Hospital. We were assured several times by Cindy that all those charges including the ambulance charge for the transfer would be paid for.

9) Paragraph 1: Also on the transfer/Discharge sheet, no one explained the policy to myself or my husband (my legal next of kin), that is why my husband's signature is incorrectly in 2 spaces of the form.

Conclusion:

Based on the evidence of several discrepancies noted in the administrative law record, the way my family and myself were treated during my stay in the emergency room, & the recommendations of 3 individual physicians, I feel that Spear Memorial Hospital was not a safe nor appropriate facility for myself. And that it was not only medically necessary but in my best medical interest to be transferred to Lawrence Memorial Hospital. Due to the extenuating above circumstances, I am asking the Court to reverse the decision and that payment in full be made to Mountain Valley Ambulance by medicare. If at any time you have any questions or need to speak with any of the physician's.

(Pg 5 cont'd)

listed, please contact us. Thank you in advance for your time and help.

Rita Perrotti

*Rita Perrotti*

copy to - Christopher Alberto
 - Judge Sterns