```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

```
RITA PERROTTI (Pro Se),           )
                                  )
     Plaintiff,                   )  C.A. No. 1:05-cv-10126-RGS
                                  )
     v.                           )
                                  )
MICHAEL O. LEAVITT, Secretary of  )
the U.S. Department of Health    )
and Human Services,               )
                                  )
     Defendant.                   )
                                  )
```

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR
ORDER AFFIRMING THE DECISION OF THE SECRETARY

Statement of the Case

This is an action under 42 U.S.C. § 1395ff for "judicial review of the Secretary's final decision after [a] hearing," as provided in 42 U.S.C. § 405(g).  Following a hearing, the Secretary of the Department of Health and Human Services ("the Secretary") issued a decision denying plaintiff Medicare coverage for ambulance services provided to her on December 19, 2002 (A.R. 24-30).[1]  The Secretary denied coverage for these services on the ground that the services did not satisfy the "origin and destination" requirements of the Medicare regulations.  See 42 C.F.R. § 410.40(e).

As this memorandum will demonstrate, the Secretary's denial of Medicare coverage for the ambulance services provided to plaintiff is supported by substantial evidence, and is not arbitrary and capricious, an abuse of discretion, or contrary to

---

[1] "A.R." refers to the administrative record of the proceedings before the agency.

2

law.  Consequently, pursuant to 42 U.S.C. § 405(g), the Secretary's decision should be affirmed.

<u>Pertinent Statutes and Regulations</u>

Enacted in 1965, the Medicare Act (Title XVIII of the Social Security Act, 42 U.S.C. § 1395 <u>et</u> <u>seq.</u>) establishes a national program of health insurance for the aged and disabled.  Medicare consists of two basic parts.  Part A of Medicare, 42 U.S.C. § 1395c <u>et</u> <u>seq.</u>, provides for the payment of inpatient hospital and related post-hospital benefits on behalf of eligible individuals. Part B of Medicare, 42 U.S.C. § 1395j <u>et</u> <u>seq.</u>, establishes a voluntary supplemental insurance program intended for the payment of physicians' and other health services.  The present case involves Part B of Medicare.

Part B benefits are administered by insurance carriers, pursuant to agreements entered into with the Secretary.  Among other functions, a carrier is responsible for determining whether the items or services billed to the program satisfy the Part B coverage requirements and, if so, the amounts to be paid for such items or services.  42 U.S.C. § 1395u.

The Medicare statute provides coverage under Part B for "medical and other health services," 42 U.S.C. § 1395k(a)(1), which is defined to include various benefit categories, such as "ambulance service where the use of other methods of transportation is contraindicated by the individual's condition, but only to the extent provided in regulations."  42 U.S.C. § 1395x(s)(7).

3

The Medicare statute also lists certain items and services that are excluded from coverage under the program. 42 U.S.C. § 1395y(a). The statute states that, "[n]otwithstanding any other provisions of this title," Medicare payment may <u>not</u> be made for items or services that are "not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member." 42 U.S.C. § 1395y(a)(1)(A).

The Medicare regulations allow coverage for ambulance services if the services meet certain "medical necessity and origin and destination requirements." 42 C.F.R. § 410.40(a)(1). Ambulance services are considered medically necessary "only if they are furnished to a beneficiary whose medical condition is such that other means of transportation are contraindicated." 42 C.F.R. § 410.40(d). For the services to meet the origin and destination requirements, the beneficiary must be transported, as relevant to the present case, "[f]rom any point of origin to the nearest hospital ... that is capable of furnishing the required level and type of care for the beneficiary's illness or injury," provided the hospital has "available the type of physician or physician specialist needed to treat the beneficiary's condition." 42 C.F.R. § 410.40(e)(1).

The Secretary has issued the <u>Medicare Carrier's Manual</u> ("<u>MCM</u>") to assist the carriers in applying the Medicare coverage criteria. Section 2120.3 of the <u>MCM</u> addresses the question of whether a beneficiary that has initially been taken to one

4

hospital may be transported by ambulance to a different hospital. Section 2120.3 states that, "[a]s a general rule, only local transportation by ambulance is covered." However, section 2120.3B acknowledges that, "[occasionally, the institution to which the patient is initially taken is found to have inadequate facilities to provide the required care and the patient is then transported to a second institution having appropriate facilities." The manual section states that, in such cases, the transportation by ambulance to both institutions would be covered, but only if the second institution is the "nearest one with appropriate facilities" (A.R. 78).

However, the manual section states that the second hospital should not be considered an appropriate facility simply because a particular physician practices at that facility.

> The term "appropriate facilities" means that the institution is generally equipped to provide the needed hospital or skilled nursing care for the illness or injury involved. In the case of a hospital, it also means that a physician or a physician specialist is available to provide the necessary care required to treat the patient's condition. However, <u>the fact that a particular physician does or does not have staff privileges in a hospital is not a consideration in determining whether the hospital has appropriate facilities. Thus, ambulance service to a more distant hospital solely to avail a patient of the service of a specific physician or physician specialist does not make the hospital in which the physician has staff privileges the nearest hospital with appropriate facilities</u>.

(A.R. 78) (emphasis added).

A Medicare beneficiary can appeal a carrier's denial of a Part B claim to an Administrative Law Judge ("ALJ"), if the amount in controversy is at least $100.00. 42 U.S.C. § 1395ff(b)(1)(A),(E). The ALJ's decision is final, unless the

5

beneficiary appeals the decision to the Medicare Appeals Council ("the Appeals Council"), or the Appeals Council elects to review the case on its own motion.  42 C.F.R. §§ 405.1048 and 405.1110.  The beneficiary can obtain judicial review of the final administrative decision in the case, if the amount-in-controversy is at least $1,000.  42 U.S.C. §§ 405(g) and 1395ff(b)(1)(A),(E).

      Statement of Facts and Prior Administrative Proceedings

Plaintiff, aged 72, is a resident of Medford, Massachusetts.  On September 19, 2002, plaintiff fell and injured her left hip while vacationing in Lincoln, New Hampshire (A.R. 8, 16).  She was taken by ambulance to the Emergency Room of Speare Memorial Hospital ("SMH") in Plymouth, New Hampshire (A.R. 16, 62, 86).  An examination revealed that she had fractured her left hip, but no other acute medical conditions were noted (A.R. 62).  Due to her history of a recent myocardial infarction, the emergency room physician ordered an electrocardiogram and cardiac enzymes.  However, these tests were negative for a cardiac event (A.R. 62).

Plaintiff's daughter, Margaret Perrotti, arranged for plaintiff to be transferred to Lawrence Memorial Hospital ("LMH") in Medford, Massachusetts, where she could be cared for by her primary physician, Louis Giorgio, M.D., and her cardiologist, Larry Conway, M.D. (A.R. 12, 19, 62).  At that time, plaintiff signed a "Patient-Initiated Request for Transfer" form, which stated as follows:

> After considering the information on both sides of this sheet, I hereby request upon my own suggestion and not that of the hospital, physician, or other person associated with the hospital that I (the patient) be transferred.

6

(A.R. 72). Plaintiff was transported by ambulance to LMH on December 19, the date of her accident (A.R. 57). The ambulance company charged $2,953 for the service (A.R. 68, 98).

Plaintiff requested Part B coverage for the ambulance trip. The Medicare carrier denied the claim initially and on reconsideration (A.R. 51, 66). The carrier's Medicare Hearing Office affirmed the denial on the ground that SMH was an "appropriate facility" under section 2120.3 of the MCM (A.R. 42-49).

Plaintiff requested a hearing before an ALJ on the claim denial (A.R. 37). The ALJ held the hearing on June 1, 2004, at which time plaintiff, her daughter, and her attorney appeared (A.R. 96). In a decision dated August 4, 2004, the ALJ determined that plaintiff could have been appropriately cared for at SMH and, therefore, that her transportation by ambulance to LMH was not medically required (A.R. 29-30). Plaintiff requested Appeals Council review of the ALJ's decision (A.R. 9). On October 14, 2004, the Appeals Council declined to review the ALJ's decision (A.R. 6-7). Plaintiff requested a reopening of the ALJ's decision, at which time she produced additional documentation pertaining to her claim (A.R. 4-5). On November 19, 2004, the Appeals Council denied plaintiff's reopening request (A.R. 1-3). The ALJ's decision thus became final, subject to judicial review.

I.  THE ALJ'S DECISION IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND, THEREFORE, SHOULD BE AFFIRMED.

In reviewing a decision by the Secretary involving a claim

7

for Medicare benefits, the Court does not have the authority to decide the case de novo.  Rather, the Court's review is limited to determining whether the Secretary's decision is supported by "substantial evidence."  Hurley v. Bowen, 857 F.2d 907, 912 (2d Cir. 1988); Friedman v. Secretary of Health and Human Services, 819 F.2d 42, 44 (2d Cir. 1987).  In applying the substantial evidence test, the Court "must ... uphold the Secretary's finding 'if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.'"  Id., quoting Rodriguez v. Secretary, 647 F.2d 218, 222 (1st Cir. 1981).

In her decision, the ALJ denied plaintiff coverage for her ambulance trip to LMH on the ground that she could have received the medical services she required at SMH.  This finding is supported by substantial evidence.  Specifically, in a letter dated March 31, 2003, Michelle McEwen, the President of SMH, stated that "the services [plaintiff] required could have been provided at [SMH]," but that plaintiff "preferred for services to be provided at [LMH]" (A.R. 72).  SMH's Director of Quality Management, Ann Graves, R.N., M.S., expressed the same conclusion in a separate letter dated April 3, 2003 (A.R. 62).  Plaintiff did not submit any evidence in opposition to these assertions.

Moreover, the record establishes that plaintiff was transferred from SMH, not because of any deficiency on the part of that facility, but because her primary care physician and cardiologist practiced at LMH (A.R. 12, 13, 19).  Of course, it

8

is understandable that plaintiff would have wanted to be cared for by the physicians who were most familiar with her condition, or that she would have wanted to be treated in a hospital closer to her home. However, as the court noted in <u>Murphy v. Secretary of Health and Human Services</u>, 62 F.Supp.2d 1104 (S.D.N.Y. 1999) ("<u>Murphy</u>"), the Medicare regulations do not authorize payment for ambulance transportation to the "most desirable" or "most appropriate" treatment setting. <u>Id.</u> at 1107. Rather, the regulations allow coverage for transportation "to the nearest hospital ... that is capable of furnishing the required level and type of care for the beneficiary's illness or injury." 42 C.F.R. § 410.40(e)(1). <u>See also</u> <u>Keefe, on Behalf of Keefe v. Shalala</u>, 71 F.3d 1060, 1064 (2d Cir. 1995) ("<u>Keefe</u>").

In this case, there is no evidence in the record that SMH lacked the facilities or staff to provide plaintiff with the required treatment.[2] For example, in a letter dated August 11, 2004, Dr. Giorgio, plaintiff's primary care physician, stated that the transfer to LMH was necessary to enable "her cardiologist, who knows her clinical condition and case ... to assess her risks and needs, both prior to and after surgery" (A.R. 19). However, Dr. Giorgio did not state that SMH lacked a cardiologist on staff who could have performed this service. He also failed to explain why plaintiff's medical records could not have been forwarded to SMH. <u>Murphy</u>, 62 F.Supp.2d at 1107 ("the

---

[2] Moreover, even if it is assumed that SMH was in some way deficient, plaintiff has not established that LMH was the "nearest hospital" with the required facilities and staff.

9

intervention of a fax machine makes the whereabouts of a patient's medical records irrelevant").

Moreover, section 2120.3F of the MCM states that "ambulance service to a more distant hospital solely to avail a patient of the service of a specific physician or physician specialist does not make the hospital in which the physician has staff privileges the nearest hospital with appropriate facilities." (A.R. 78-79). Although not promulgated as a regulation, this provision is a "valid interpretive rule, appropriately promulgated by the Secretary under the authority of 42 U.S.C. § 1395x(s)(7)." Keefe, 71 F.3d at 1065.  See also Murphy, 62 F.Supp.2d at 1107 ("the regulations quite clearly do not authorize reimbursement for ambulance service to a distant hospital in order to avail the patient of the services of her regular physician").

## CONCLUSION

For the reasons discussed in this memorandum, the Secretary's determination that Part B coverage is not available for the ambulance services provided to plaintiff is supported by substantial evidence, and is not arbitrary and capricious, an abuse of discretion, or contrary to law.  Accordingly, pursuant to 42 U.S.C. § 405(g), the Secretary's denial of coverage for the ambulance services should be affirmed.

10

          Respectfully submitted,

          MICHAEL O. LEAVITT, Secretary of
          Health and Human Services

          By His Attorney:

          MICHAEL J. SULLIVAN
          United States Attorney


By: /s/Christoper Alberto
    CHRISTOPHER ALBERTO
    Assistant U.S. Attorney
    Federal Courthouse, Suite 9200
    1 Courthouse Way
    Boston, MA   02210

Of Counsel:

CLIFFORD M. PIERCE
Assistant Regional Counsel
Department of  Health and Human Services
J.F.K. Bldg., Rm. 2250
Boston, MA 02203
(617) 565-2379