UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
RITA PERROTTI ("Pro Se"),         )
                                  )
     Plaintiff,                   )   C.A. No. 1:05-cv-10126-RGS
                                  )
     v.                           )
                                  )
MICHAEL O. LEAVITT, Secretary of  )
the U.S. Department of Health    )
and Human Services,              )
                                  )
     Defendant.                   )
                                  )
```

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S REQUEST FOR RECONSIDERATION

Defendant, the Secretary of Health and Human Services, submits this memorandum in opposition to the Motion for Reconsideration filed by plaintiff on January 17, 2006.  In her motion, plaintiff requests the Court to reconsider and reverse its order allowing defendant's Motion for Order Affirming the Decision of the Secretary.  Plaintiff acknowledges that she failed to object to defendant's motion, but alleges that this failure can be attributed to "excusable neglect."  This argument is without merit.

While a "pro se" plaintiff may be allowed some latitude for failing to comply with court procedures, she should not be excused from the basic requirement of objecting to a dispositive motion filed by the defendant.  Moreover, in this case, the Court's September 14, 2005 Order specifically advised plaintiff of the requirement to file her own dispositive motion on or before November 30, 2005, which she failed to do.

Plaintiff's claim that she has found "new information" that

requires a reversal of the Secretary's decision is also without merit.  It is difficult to evaluate plaintiff's argument, given that pages 2 and 5 of her Motion for Reconsideration are missing.  However, plaintiff appears to argue that the denial of her Medicare claim is inconsistent with the statements contained in "Medicare & You – 2006," ("Medicare Handbook").  This argument is flawed.

First, statements contained in the Medicare Handbook are not regulations and do not have the force of law.  Rather, the handbook merely explains or summarizes the coverage requirements established by the agency's regulations.[1]

Second, the cited statements in the Medicare Handbook do not support plaintiff's argument.  As plaintiff notes, the handbook states that ambulance services are covered under the program "when it's medically necessary to be transported to a hospital or skilled nursing facility, and transportation in any other vehicle would endanger your health."  In this case, defendant agrees that plaintiff's medical condition was such that she could not have been safely transported to any destination other than by means of an ambulance.  However, it is undisputed that plaintiff could have received all of the medical services she required from Speare Memorial Hospital in Plymouth, New Hampshire (A.R. 62,

---

[1] For a complete discussion of the pertinent regulations, as well as the facts of this case, we respectfully refer the Court to Defendant's Memorandum in Support of Motion for Order Affirming the Decision of the Secretary, filed on November 30, 2005.

72). Therefore, it was not medically necessary for her to be transported from that hospital to Lawrence Memorial Hospital or any other facility.

For the reasons discussed in this memorandum, and in Defendant's Memorandum in Support of Motion for Order Affirming the Decision of the Secretary, plaintiff's motion for reconsideration should be denied.

                Respectfully submitted,

                MICHAEL O. LEAVITT, Secretary of
                Health and Human Services

                By His Attorney:

                MICHAEL J. SULLIVAN
                United States Attorney

       By:   /s/Christopher Alberto
              CHRISTOPHER ALBERTO
              Assistant U.S. Attorney
              1 Courthouse Way, Suite 9200
              Boston, MA  02210

**CERTIFICATE OF SERVICE**

This is to certify that I have this 26th day of January, 2006, served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery: Rita Perrotti, 115 Playstead Road, Medford, MA 02155.

                /s/Christopher Alberto
                Christopher Alberto
                Assistant U.S. Attorney