CA 05-10126-RGS

Plaintiff Name: Rita Penotti
HIC # 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
Docket # 06-1504

November 28, 06

RECEIVED
CLERKS OFFICE
2006 DEC -5 A 11:40
U.S. DISTRICT COURT
DISTRICT OF MASS.

Defendant's name: Secretary of Health + Human Services
330 Independance Avenue
Washington, D.C. 20201

Petition for Rehearing

The Plaintiff (Rita Penotti) hereby is submitting a petition for rehearing to the First Circuit Court of Appeals for the above case. The basis for this appeal is to <u>once again</u> prove that there was specific medical necessity for the transfer of the plaintiff on 12/19/02 from Speare Memorial Hospital to Lawrence Memorial Hospital.

The appeal is to prove that despite the judge's and defendant denial

that there is and has always been concrete documentation (including, but not limited to the plaintiff's cardiologist, primary care physician and Congressman Markey's letter.) that due to the lack of proper treatment from Spaun Mem Hospital Emergency room physician that it was not only a medical necessity but a safety necessity for transfer. Example, is a letter from Dr. Louis Giorgio which is in the Courts possession in which he states in his medical opinion that because of the patient's extensive past medical history the patient did not + would not have received the approp. care at Spaun Memorial Hospital that She received at Lawrence Memorial Hospital

Another example is Dr. Ippolito statement to my family and myself that I needed immediate surgery to repair my fractured hip, knowing that my electrocardiogram was abnormal and not making any attempts to obtain any copies of labwork or previous cardiograms from Lawrence Memorial Hospital to medically clear myself for surgery. That in my opinion is medical incompetence and should only add to my claim that Speare Memorial Hospital was not an appropriate facility for me to have the best medical care that I deserve and am entitled to as a patient.

Further documentation previously

submitted + in the court's possession is from the Medicare And You Official Government Handbook on Pg 12 Section 2, Medicare Covered Items and Services it reads, Ambulance service - when it is a medically necessary to be transported to a hospital or skilled facility, + b) transportation in any other ~~it the~~ vehicle would endanger your health.

Points: a) It states, "medically necessary" according to 3 physician's letter previously submitted, all M.D's state that it was not only medically necessary but in my (the patient's) best health interest to be transported to Lawrence Memorial Hosp. On page 15 under (Sec.2) Medicare

Insurance Basics — <u>What</u> <u>Isn't</u> <u>Covered</u> by <u>Medicare</u> <u>Part</u> A and <u>Part</u> B, <u>no where</u> is it stated that transportation must be limited to or only to the closest facility.

Obviously, the Secretary of Health and Human Services needs to obtain a copy of this official Government handbook since he is objecting to what is in Black + White print.

### Conclusion

During the past 4 years of repeated filing of this case, I feel as the plaintiff I have provided consistent concrete evidence as to the medical necessity of transfer via ambulance from one facility to another. No where in any of the defendants

arguement is the abbreviation M.D. or Doctor is used after any of their documentation. — I do not understand how someone that is not a medical physician can make a decision that affect's a patient safety or medical treatment.

I as a consumer, medicare patient, paying premiums monthly am appalled to believe a patient's safety for medical care treatment options have been & continue to be medically questioned.

As my last point, let it not be forgotten that when we spoke with Cindy in the billing office at Speare Memorial Hospital she stated to both myself and my daughter, Margaret

that all of the bills including the ambulance from Speare Memorial Hospital to Lawrence Memorial would be covered fully.

I am still requesting a hearing in person to add any information that help clarify this appeal. Thank you for consideration in this matter.

*Rita Renotti*
Rita Renotti